IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

MARLON GLENN,                          )
                                       )
            Plaintiff                  )   1:23-CV-00209-RAL
                                       )
    vs.                                )   RICHARD A. LANZILLO
                                       )   Chief United States Magistrate Judge
C.O. MCLAIN, C.O. MANSON,              )
LIEUTENANT DUFFY,                      )   MEMORANDUM ORDER DENYING
                                       )   PLAINTIFF'S DISCOVERY MOTIONS AT
            Defendants                 )   ECF NOS. 122, 123, and 141
                                       )

This Memorandum Order addresses the discovery motions filed by Plaintiff Marlon Glenn ("Plaintiff") at ECF Nos. 122, 123, and 141.

### ECF No. 122: Plaintiff's Motion to Compel Discovery

Plaintiff asserts in his motion that he has not received verified interrogatory responses from Defendants McLain, Manson, and Duffy. Plaintiff further asserts that the video recording produced by Defendants does not comport with his recollection or Defendant McLain's own statements and lacks date and time stamps. Plaintiff also disputes the authenticity of Defendant McLain's typed signature on his verification to his interrogatory responses. In their response to Plaintiff's motion, Defendants attest that on March 5, 2026, an investigator with the Pennsylvania Office of Attorney General re-produced the video with date and time stamps and mailed it to Plaintiff. Defendants further attest that on March 12, 2026, counsel for the Defendants again mailed to Plaintiff via Smart Communications all previously served discovery responses. Plaintiff's objection that McLain's typed signature is an insufficient verification of his discovery responses is

without merit.  The signature of a party, accompanied by a statement that the contents are believed to be true, is alone sufficient verification of any pleading under the Rules.  *See* Fed. R. Civ. P. 11.  Based on the current record, the Court finds that Defendants have complied with all discovery obligations challenged in Plaintiff's motion.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 122) is DENIED.  Plaintiff may renew his motion if he does not receive Defendants' discovery responses as outlined in ECF No. 135.

ECF Nos. 123 and 141: Plaintiff's Motions to Compel Answers.

Plaintiff has filed duplicate motions to compel interrogatory answers from Defendant Duffy.  Plaintiff disputes Defendant Duffy's interrogatory responses at interrogatory numbers 1, 2, and 3 as "inadequate and evasive."  Courts in this circuit have held that a plaintiff must explain why an interrogatory answer is not complete or correct.  *See Victor v. Burns*, 2018 WL 9617257 (W.D. Pa Nov. 5, 2018); *Forrest v. Wetzel*, 2020 WL 2575739 (M.D. Pa May 21, 2020).  Although Plaintiff has not done so, the Court has independently reviewed each of the three contested responses and found none to be inadequate or evasive.

A.  Interrogatory Number 1

Plaintiff's first interrogatory seeks information regarding whether Defendant Duffy obtained the required approvals before imposing certain restrictions on Plaintiff.  The interrogatory and response are as follows:

Plaintiff's Interrogatory 1:  "Did you ever receive approval from the Facility Manager or designee for the DC 709, DC 708, and DC 708A restrictions that you ordered to be placed on Plaintiff?"

2

| | |
|---|---|
| Defendant's Response: | "Defendant Duffy does not independently remember. However, after review of grievance packet for Plaintiff's grievance 1017854, provided to Defendant Duffy by Defense Counsel, Defendant Duffy confirms he received approval for the DC 709 and DC 708A from the Shift Commander and approval for the DC 708 from the medical designee. The approval forms are notated on the forms, which were previously provided to Plaintiff in response to Case Management Order [92] (*DOC0079-0081*)." |

Defendant Duffy's response is adequate and not evasive. Duffy appropriately acknowledged a lack of independent recollection, but investigated the matter by reviewing relevant grievance materials, and identified the specific approvals obtained (Shift Commander and medical designee) and directed Plaintiff to previously produced documents (DOC0079–0081) reflecting those approvals. A response that relies on review of records and identifies responsive documents is expressly permitted and does not render the answer evasive or incomplete.

B. Interrogatory Number 2

Plaintiff's second interrogatory challenges whether Defendant Duffy documented certain alleged threats in institutional forms. The interrogatory and response are set forth below:

| | |
|---|---|
| Plaintiff's interrogatory 2: | "If Plaintiff did, in fact, make threats to RHU staff, why didn't you mention that fact on the DC 709 and DC 708 forms?" |
| Defendant's Response: | "Defendant Duffy does not independently remember. However, after review of grievance packet for Plaintiff's grievance 1017854, provided to Defendant Duffy by Defense Counsel, Defendant |

3

Duffy confirms that he did reference the staff assault by Plaintiff on the DC 709 and DC 708. Defendant Duffy also authored on the DC 708A that Plaintiff stated he would not return any items from his breakfast tray."

This response is likewise sufficient. Defendant Duffy again explained that he lacked an independent recollection but refreshed his memory by reviewing the grievance packet. He then provided a substantive answer, stating that the alleged conduct was in fact referenced in the DC 709 and DC 708 forms and further describing additional notations made on the DC 708A. This response directly addresses the substance of the interrogatory and is neither nonresponsive nor evasive.

### C. Interrogatory Number 3

Plaintiff's third interrogatory questions the timing of Defendant Duffy's actions in relation to alleged conduct by Plaintiff. The interrogatory and response are set forth below:

| | |
|---|---|
| Plaintiff's Interrogatory 3: | "If Plaintiff did, in fact, make threats to RHU staff, on 1-14-23, as indicated on Plaintiff's DC 17x, why did you request DC 709 restrictions and a DC 708A Alternative Meal Service on 1-13-23? |
| Defendant's Response: | "Objection. This interrogatory improperly asks Defendant Duffy to interpret a document which speaks for itself. Without waiver, Defendant Duffy does not independently remember. However, after review of a grievance packet for Plaintiff's grievance 1017854, provided to Defendant Duffy by Defense counsel, Defendant Duffy defers to the comments he made on the forms." |

The Court finds no deficiency in this response. Duffy asserted an objection to the extent the interrogatory seeks interpretation of documents that speak for themselves. Plaintiff argues that this objection is improper under Fed. R. Civ. P. 33(b)(5) because it lacks the required signature. However, the objection was signed by defense counsel, which is a proper under Rule 33(b)(5). *See* Fed. R. Civ. P. 33(b)(5). Nevertheless, Duffy did not rely solely on that objection, he further stated that he lacks an independent recollection and, after review of the grievance materials, deferred to the contemporaneous comments documented on the relevant forms. This is a sufficient response, particularly where the underlying documents have already been produced and are equally available to Plaintiff.

In sum, Defendant Duffy's responses acknowledgment the limits of his present recollection, a reasonable effort to refresh that recollection through review of available records, and substantive answers directing Plaintiff to specific information and previously produced documents. The Federal Rules of Civil Procedure do not require a party to provide information beyond that which is within his possession, custody, or control, nor do they require speculation where memory is lacking. Because Defendant Duffy's interrogatory responses appear complete, responsive, and not evasive, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Answers (ECF No. 123) is DENIED, and Plaintiff's duplicative Motion to Compel Answers (ECF No. 141) is likewise DENIED.

DATED this 17th day of April 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE